1  DENISE A. BRADSHAW, ESQ.
Nevada State Bar No.: 10521
2  BRADSHAW LAW LLC
603 Pine Street
3  Elko, Nevada 89801
TELE: (775) 738-7444
4  FACSIMILE: (775) 738-7455
E-Mail: denise@bradshawlawnv.com
5  ATTORNEY FOR PLAINTIFF

6  MARK E. TRAFTON, ESQ.
Nevada State Bar Number: 6525
7  1900 Industrial Road
Las Vegas, Nevada 89102
8  TELE: (702) 385-1813
FACSIMILE: (702) 382-9633
9  E-Mail: mark@belltransportation.com
                - and -
10  JOHN H. COTTON, ESQ.
Nevada Bar Number 5268
11  TODD M. WEISS, ESQ.
Nevada Bar Number: 14130
12  JOHN H. COTTON & ASSOCIATES
7900 West Sahara Avenue, Suite 200
13  Las Vegas, Nevada 89117
TELE: (702) 832-5909
14  FACSIMILE: (702) 832-5910
Email: jhcotton@cottonlaw.com
15         tweiss@cottonlaw.com
ATTORNEYS FOR DENBEL & WHITTLESEA
16
RHONDA LONG, ESQ.
17  Nevada Bar Number: 10921
LAW OFFICE OF LEE J. GRANT, II
18  8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
19  TELE: (702) 233-9303
FACSIMILE: (702) 780-8119
20  E-Mail: Rhlong@geico.com
ATTORNEY FOR GLENN WILLIAM MURPHY
21
                    **UNITED STATES DISTRICT COURT**
22
                          **DISTRICT OF NEVADA**
23
24  JOSEPHINE DI VINCENZO,              )        CASE NO.: 2:19-cv-01994-JAD-VCF
                                        )
25              Plaintiff,              )
                                        )
26  vs.                                 )        **STIPULATION AND ORDER GRANTING**
                                        )        **LEAVE TO PLAINTIFF TO FILE**
27  SOLOMON WOJI DENBEL;                )        **SECOND AMENDED COMPLAINT**
    WHITTLESEA BLUE CAB COMPANY,        )        **AND TO AMEND CAPTION**
28  continued...

1  a Nevada corporation; GLENN                    )
   WILLIAM MURPHY; DOES I-X,                       )
2  inclusive; ABC CORPORATIONS,                    )
   inclusive; and, XYZ PARTNERSHIPS,               )
3  inclusive,                                      )
                                                   )
4                     Defendants.                  )
   _____ )
5

6        **IT IS HEREBY STIPULATED,** by and among counsel for the parties, pursuant to LR

7  26-1(b)(2), that Plaintiff may file her Second Amended Complaint (a copy of which is

8  attached hereto as Exhibit "A") in the above-entitled action.

9        **IT IS FURTHER STIPULATED** that, pursuant to <u>Graziose v. Am. Home Prods. Corp.</u>,

10 ....

11 ....

12 ....

13 ....

14 ....

15 ....

16 ....

17 ....

18 ....

19 ....

20 ....

21 ....

22 ....

23 ....

24 ....

25 ....

26 ....

27 ....

28 ....

1 | 202 F.R.D. 638, 643 (D. Nev. 2001), the DOE allegations be removed from the caption.

2 | **DATED** this ___6th___ day of MAY, 2020.

3 | **BRADSHAW LAW LLC**

4

5 | By: /s/ DENISE A. BRADSHAW       By: /s/ MARK E. TRAFTON

6 |      DENISE A. BRADSHAW            MARK E. TRAFTON
     Nevada Bar Number: 10521         Nevada Bar Number: 6525

7 |      603 Pine Street                   1900 Industrial Road
     Elko, Nevada 89801             Las Vegas, Nevada 89102
     ATTORNEY FOR PLAINTIFF       ATTORNEY FOR DENBEL/

8 |                                          WHITTLESEA BLUE CAB COMPANY

9 | **LAW OFFICE OF LEE J. GRANT, II**      **JOHN H. COTTON & ASSOCIATES**

10

11 | By: /s/ RHONDA LONG             By: /s/ JOHN H. COTTON

12 |      RHONDA LONG                  JOHN H. COTTON
     Nevada Bar Number: 10921        Nevada Bar Number: 5268

13 |      8345 West Sunset Road, Suite 250   TODD M. WEISS
     Las Vegas, Nevada 89113        Nevada Bar Number: 14130

14 |      ATTORNEY FOR GLENN WILLIAM   7900 West Sahara Avenue, #200
     MURPHY                          Las Vegas, Nevada 89117

15 |                                          ATTORNEYS FOR DENBEL/
                                         WHITTLESEA BLUE CAB

16 |                                          COMPANY

17 | <u>**ORDER**</u>

18 |     **IT IS SO ORDERED.**

19 |     **IT IS FURTHER ORDERED** that the caption in the above-entitled action shall be

20 | ....

21 | ....

22 | ....

23 | ....

24 | ....

25 | ....

26 | ....

27 | ....

28 | ....

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 5-15-2020

- 3 -

# EXHIBIT "A"

1  DENISE A. BRADSHAW, ESQ.
   Nevada State Bar No.: 10521
2  BRADSHAW LAW LLC
   603 Pine Street
3  Elko, Nevada 89801
   TELE: (775) 738-7444
4  FACSIMILE: (775) 738-7455
   E-Mail: denise@bradshawlawnv.com
5
   ATTORNEY FOR PLAINTIFF
6

7              **UNITED STATES DISTRICT COURT**

8                   **DISTRICT OF NEVADA**

9  JOSEPHINE DI VINCENZO,            )    CASE NO.: 2:19-cv-01994-JAD-VCF
                                     )
10              Plaintiff,           )
                                     )
11 vs.                               )    **SECOND AMENDED COMPLAINT**
                                     )
12 SOLOMON WOJI DENBEL;              )
   WHITTLESEA BLUE CAB COMPANY,      )
13 a Nevada corporation; and, GLENN  )
   WILLIAM MURPHY,                   )
14                                   )
                Defendants.          )
15 _____ )

16        Plaintiff, JOSEPHINE DI VINCENZO, by and through her counsel, DENISE A.

17 BRADSHAW, ESQ. of BRADSHAW LAW LLC, for her Second Amended Complaint against

18 the Defendants, and each of them, avers and alleges as follows:

19                        **JURISDICTION**

20                            **I.**

21        Pursuant to LR 8-1, this case was removed from the Eighth Judicial District Court of

22 the State of Nevada to the United State District Court on November 15, 2019, pursuant to

23 28 U.S.C. §§ 1332, 1441 and 1446 and has since proceeded in this Court.

24                            **II.**

25        That Plaintiff, JOSEPHINE DI VINCENZO, is a resident of Canada.

26                           **III.**

27        That at all times pertinent hereto, Defendant, SOLOMON WOJI DENBEL, was a

28 resident of County of Clark, State of Nevada, and acting as a common motor carrier of

1  passengers in his capacity as an employee, agent and/or representative of Defendant,

2  WHITTLESEA BLUE CAB COMPANY.

3  **IV.**

4  That at all times pertinent hereto, Defendant, WHITTLESEA BLUE CAB COMPANY,

5  was a corporation formed by virtue of and doing business in and under the laws of the State

6  of Nevada as a common motor carrier of passengers.

7  **V.**

8  That at all times pertinent hereto, Defendant, GLENN WILLIAM MURPHY, was a

9  resident of the County of Clark, State of Nevada.

10  **FIRST CLAIM FOR RELIEF**

11  **(*Negligence*)**

12  **VI.**

13  That at all times pertinent hereto, Defendant, SOLOMON WOJI DENBEL, was an

14  employee, agent and/or representative of Defendant, WHITTLESEA BLUE CAB

15  COMPANY, acting under the direction and control of Defendant, WHITTLESEA BLUE CAB

16  COMPANY, and was within the course and scope of his employment and/or agency,

17  ostensible or otherwise, with Defendants, and each of them.  His actions as alleged herein

18  were either expressly or impliedly ratified and approved by Defendants, and each of them.

19  **VII.**

20  That at all times pertinent hereto, Defendant, SOLOMON WOJI DENBEL, was

21  operating a 2016 Ford Transit Connect Van Taxicab which was owned by Defendant,

22  WHITTLESEA BLUE CAB COMPANY.

23  **VIII.**

24  That at all times pertinent hereto, Defendant, GLENN WILLIAM MURPHY, was

25  operating a 2006 Ford F150 Pick-Up Truck.

26  **IX.**

27  That at all times pertinent hereto, Defendants, SOLOMON WOJI DENBEL and

28  GLENN WILLIAM MURPHY, had a duty to operate their respective motor vehicles in a safe,

- 2 -

1   lawful and reasonable manner on the public roadways in the State of Nevada.

2                                         **X.**

3          That on or about the 7th day of OCTOBER, 2017, Plaintiff, JOSEPHINE DI

4   VINCENZO, lawfully entrusted Defendants, and each of them, with her safety and well-

5   being by entering the 2016 Ford Transit Connect Van Taxicab as a guest and business

6   invitee.  That Plaintiff provided Defendant, SOLOMON WOJI DENBEL, with the address of

7   her intended destination.

8                                        **XI.**

9          That at all times pertinent hereto, Defendant, SOLOMON WOJI DENBEL, owed a

10  heightened duty of care to Plaintiff - his passenger in the 2016 Ford Transit Connect Van

11  Taxicab.

12                                       **XII.**

13         That at the time aforesaid, Defendant, SOLOMON WOJI DENBEL, with Plaintiff as

14  his passenger, was operating the 2016 Ford Transit Connect Van Taxicab westbound on

15  Spring Mountain at the intersection with Interstate 15 in the County of Clark, State of

16  Nevada.

17                                      **XIII.**

18         That at the time and place aforesaid, Defendant, GLENN WILLIAM MURPHY, was

19  operating the 2006 Ford F150 Pick-Up Truck eastbound on Spring Mountain approaching

20  the Interstate 15 intersection.

21                                      **XIV.**

22         That at the time and place aforesaid, Defendants, and each of them, so recklessly,

23  carelessly, negligently and in violation of state laws and local ordinances, operated their

24  respective motor vehicles as to cause them to collide.

25                                       **XV.**

26         That as direct and proximate result of the recklessness, carelessness, negligence

27  and negligence per se of the Defendants, and each of them, Plaintiff suffered serious

28  personal injuries and pain and suffering all to her general damage in a just and reasonable

1  amount in excess of FIFTEEN THOUSAND DOLLARS AND 00/100 ($15,000.00).

2  **XVI.**

3  That as a further direct and proximate result of the recklessness, carelessness,

4  negligence and negligence per se of the Defendants, and each of them, Plaintiff will incur

5  medical, physician, therapeutic, cognitive and other related expenses into the future in an

6  amount presently unascertained.  Plaintiff prays leave to prove such amounts at the trial of

7  this matter.

8  **XVII.**

9  That as a direct and proximate result of the recklessness, carelessness, negligence

10  and negligence per se of the Defendants, and each of them, Plaintiff was required to retain

11  the services of an attorney to prosecute this matter and is entitled to a reasonable attorney's

12  fee and costs of suit.

13  **WHEREFORE,** Plaintiff prays judgment against the Defendants, and each of them,

14  as more fully set forth below.

15  **SECOND CLAIM FOR RELIEF**

16  (*Negligent Entrustment*)

17  **XVIII.**

18  Plaintiff hereby incorporates Paragraphs I-XVII of the Jurisdiction and First Claim for

19  Relief as though set forth in haec verba.

20  **XIX.**

21  That Defendant, WHITTLESEA BLUE CAB COMPANY, as a common carrier of

22  passengers, owed a duty to Plaintiff to ensure that the operation of its 2016 Ford Transit

23  Connect Van Taxicab on the public roadways in the State of Nevada was performed in a

24  safe, lawful and reasonable manner.

25  **XX.**

26  That Defendant, WHITTLESEA BLUE CAB COMPANY, breached its duty to Plaintiff

27  by knowingly entrusting said 2016 Ford Transit Connect Van Taxicab to Defendant,

28  SOLOMON WOJI DENBEL.

- 4 -

**XXI.**

That as a direct and proximate result of the breach of said duty by Defendants, and each of them, Plaintiff sustained injuries and damages as set forth above.

**WHEREFORE,** Plaintiff prays judgment against the Defendants, and each of them, as more fully set forth below.

## THIRD CLAIM FOR RELIEF

### *(Negligent Supervision/Training)*

**XXII.**

Plaintiff hereby incorporates Paragraphs I-XVII of the Jurisdiction and First Claim for Relief and Paragraphs XVIII - XXI of the Second Claim for Relief as though set forth in haec verba.

**XXIII.**

That at all times pertinent hereto, as set forth above, Defendant, SOLOMON WOJI DENBEL, was an employee, agent and/or representative of Defendant, WHITTLESEA BLUE CAB COMPANY.

**XIV.**

That Defendant, WHITTLESEA BLUE CAB COMPANY, as a common carrier of passengers, had a heightened duty to protect its passengers by ensuring that its employees, agents and/or representatives operated its vehicles in a safe, lawful and reasonable manner on the public roadways in the State of Nevada.

**XXV.**

That Defendant, WHITTLESEA BLUE CAB COMPANY, a common carrier of passengers, had a duty to exercise reasonable care in the selection, training and/or supervision of its employees, agents and/or representatives who operate its vehicles on the public roadways so as not to create an unreasonable risk of bodily injury to members of the public, including its guests and business invitees.

**XXVI.**

That Defendant, WHITTLESEA BLUE CAB COMPANY, breached said duty to

- 5 -

1  Plaintiff.

2                                    **XXVII.**

3        That as a direct and proximate result of the breach of duty by Defendant,

4  WHITTLESEA BLUE CAB COMPANY, Plaintiff sustained injuries and damages as set forth

5  above.

6        **WHEREFORE,** Plaintiff, while expressly reserving her right to amend this Complaint

7  up to and including the time of trial to include additional Defendants, all theories of recovery,

8  and items of damages not yet ascertained, demands judgment against the Defendants, and

9  each of them, as follows:

10       1. For general damages for in a just and reasonable amount in excess of FIFTEEN

11 THOUSAND DOLLARS AND 00/100 ($15,000.00);

12       2.  For special damages for future medical, therapeutic, cognitive and related

13 expenses to be proven at the trial of this matter;

14       3.  For reasonable attorney's fees and costs incurred herein;

15       4.  For prejudgment interest according to law; and,

16       5.  For such other and further relief as the Court may deem just and proper in the

17 premises.

18       **DATED** this ____6th____ day of MAY, 2020.

19                                              **BRADSHAW LAW LLC**

20

21                                    By: _____
                                           DENISE A. BRADSHAW
22                                         Nevada Bar Number: 10521
                                           603 Pine Street
23                                         Elko, Nevada 89801
                                           ATTORNEY FOR PLAINTIFF
24

25

26

27

28

                                        - 6 -

1            **<u>CERTIFICATE OF SERVICE BY MAIL</u>**

2          I hereby certify that I am an employee of BRADSHAW LAW LLC, and that on this

3 date, pursuant to FRCP 5(b), I deposited in the United States mail at Elko, Nevada, a

4 true and correct copy of the foregoing document addressed to:

5                    MARK E. TRAFTON, ESQ.
                       1900 Industrial Road
6                    Las Vegas, Nevada 89102;

7                    JOHN H. COTTON, ESQ.
                       TODD M. WEISS, ESQ.
8                    **JOHN H. COTTON & ASSOCIATES, LTD.**
                       7900 West Sahara Avenue, Suite 20
9                    Las Vegas, Nevada 89117; and,

10                 RHONDA LONG, ESQ.
                     **LAW OFFICES OF LEE J. GRANT, II**
11                 8345 West Sunset Road, Suite 250
                     Las Vegas, Nevada 89113.
12

13          **DATED** this _____ day of MAY, 2020.

14

15                    LISA M. FARMER

16

17

18

19

20

21

22

23

24

25

26

27

28