# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| JOSEPHINE DI VINCENZO, , <br><br>    Plaintiff, <br>vs. <br><br>SOLOMON WOJI DENBEL, *et al*, <br><br>    Defendants. | Case No. 2:19-cv-01994-JAD-VCF <br><br>**Report and Recommendation** <br><br>**-and-** <br><br>**Order** <br><br>STIPULATION TO REMOVE AND STAY CURRENT DISCOVERY DEADLINES (ECF NO. 29) |

Before the Court is the parties' stipulation to remand[1] this matter to state court and stay discovery. The Court stays discovery, pending the resolution of this stipulation to remand. The Court recommends that this stipulation be granted and that this case be remanded.

## I.     Background

The plaintiff initially filed this personal injury case regarding a 2017 car accident in the Eighth Judicial District Court of Clark County, NV ("State Court"). (ECF No. 2 at 6). Defendant Glenn William Murphy removed this case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 at 4). This Court dismissed all claims with prejudice against defendant Murphy (ECF No. 28) pursuant to a joint stipulation (ECF No. 27). The remaining parties all agree that they would prefer to litigate this matter in State Court, the plaintiff's original choice of forum. (ECF No. 29).

//

---

[1] The stipulation is captioned as a "stipulation to remove", but the proper course of action is to remand.

## II. Discussion

### a. Stipulation to Remand

The parties did not provide any authority regarding whether a stipulation to remand is procedurally appropriate after a case has been properly removed to this Court. The Court, however, finds the reasoning of the court in *Thompson v. Target Corp & Does 1-10*, No. CV 16-0839-JGB (MRWx), 2017 U.S. Dist. LEXIS 224054 (C.D. Cal. Feb. 6, 2017)) to be persuasive. In *Thompson*, the parties participated in mediation and agreed to remand some of plaintiff's claims to state court. *Id.* at 2. After the mediation, the defendant had a change of heart and argued that the agreement to remand to state court was unenforceable. The defendant relied on an 1887 case (*Lawton v. Blitch*, 30 F. 641) that concerned remand under "the act of March 3, 1875" for the principle that a court cannot reject its own jurisdiction on discretionary grounds. The *Thompson* court held that the *Lawton* case was unpersuasive under modern law because the plaintiff cited to modern federal district court cases in California for the principle that stipulations to remand are a routinely granted in federal practice. The *Thompson* court held that the parties' agreement to remand was enforceable.

The Court should grant the parties' stipulation and remand this case to State Court because the defendant who removed this case is gone, the remaining defendants have agreed to honor the plaintiff's choice to litigate this case in State Court, and the stipulation to remand does not conflict with the rules of federal practice.

### b. Stipulation to Stay Discovery

Courts have broad discretionary power to control discovery. See e.g., *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The mere fact that parties stipulate to a stay does not limit the Court's discretion to order a stay. In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court held that a party seeking a stay of discovery "carries the heavy burden of making a strong showing why

discovery should be denied." *Tradebay*, 278 F.R.D. at 601. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Evaluation of a request for a stay often requires a magistrate judge to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broad. Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. See *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

The underlying stipulation to remand is dispositive because it will end the case in this Court. It also raises important preliminary questions about venue and whether this case ought to be adjudicated in this Court or in State Court. A stay of discovery is appropriate, and the Court grants the stipulation.

ACCORDINGLY,

IT IS RECOMMENDED that the parties' stipulation to remand (ECF No. 29) should be GRANTED.

IT IS ORDERED that the parties' stipulation to stay discovery (ECF No. 29) is GRANTED.

DATED this 3rd day of June 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE